WINN *v.* HUMPHREY, AUDITOR.

4-4628

Opinion delivered December 6, 1937.

*Oscar H. Winn,* for appellant.

*Jack Holt,* Attorney General, and *Leffel Gentry,* Assistant, for appellees.

BUTLER, J. In this suit, appellants prayed for a writ of mandamus to compel the Auditor of State to issue a warrant and the Treasurer to pay same for the balance of the purchase price of certain lands purchased by them from the state on which the state's title failed. It was alleged that appellants had purchased swamp and internal improvement lands for which they had paid $11,-264.58; that, at the time of their purchase, the state had

parted with its title which was later discovered and the state repaid to them the sum of $5,000, leaving a balance due, and that the Auditor of State, although due demand had been made upon him, had declined and refused to issue said warrant for said balance, and that the Board of Claims, before whom the appellants' claim was presented, failed and refused to allow the same and to authorize the Auditor to issue the warrant.

The trial court sustained a demurrer to the complaint and the case is here upon appeal.

On the face of the record it appears that the state is justly due the appellants the sum demanded. The statute provides that where lands of the state have been erroneously sold, the State Land Commissioner shall take the necessary steps to have refunded to the purchaser any money paid in cases where the state had no valid title, and shall issue a refunding certificate for the amount received from such purchaser which shall have been paid into the state treasury, for presentation to the Auditor who shall draw a warrant upon the treasury therefor. Sections 8699, 8700, Pope's Digest. It appears from the allegations of the complaint that the commissioner has complied with this duty and appellants insist, under the authority of these statutes, that the writ to the Auditor should issue as prayed. Before the statutes relied upon could be effective an appropriation by the General Assembly should first have been made and available. Section 12, Art. 16, Constitution. The contention, as we gather from the pleadings and argument, is that an appropriation had been made by act No. 227 of the Acts of 1935, and again by act 252, Acts of 1937. Appellants are in error. Acts No. 227 and 252, *supra,* created a claims commission and provided for the manner of examination, auditing and allowance of claims against the state. Sections 10 and 11 of those acts are the ones carrying the appropriation the applicable part of which is as follows: Section 10. "For the purpose of providing funds with which to pay claims allowed under the provisions of this act, there is hereby appropriated the following: (Then follows a list of the various funds from which a designated appropriation is made.)" Section 11 of those acts

appropriates an additional sum of $5,000 for the payment of claims the nature of which cannot be determined without additional evidence and the taking of proof.

In this case, there has been no claim allowed by the Claims Commission and, therefore, the appropriations named in §§ 10 and 11 of the act, *supra*, are not available. In addition to the constitutional provision, § 5505, Pope's Digest, provides as follows: "No warrants shall be drawn by the Auditor or paid by the Treasurer, unless the money has been previously appropriated by law, nor shall the amount drawn for or paid under any one head ever exceed the amount appropriated by law for that purpose." See, also, the case of *Dickinson, Auditor,* v. *Clibourn,* 125 Ark. 101, 187 S. W. 909.

We do not agree, however, with the suggestion of counsel for the state that the claim necessarily has been paid in full by virtue of the acceptance of $5,000 under the provisions of act No. 273 of the Acts of 1931. That act is for the relief of persons holding specific treasurer's receipts for money paid upon the issuance of certain specified deeds which aggregate, in the total amount, the sum of $5,000, and provides that (§ 4) upon the acceptance of $5,000 the respective persons receiving said sum "hereby acknowledge payment in full of all claims and demands against the state of Arkansas by reason of the issuance of all deeds as enumerated in § 1 of this act." By § 5, the declaration is made that the purpose of the act is to enable the officers of the state to comply with the law in paying the refunds in order to preserve the full faith and credit of the state by the discharge and payment of said obligations.

This act, of course, affects no deeds or moneys paid therefor except those specifically mentioned, and if appellants' demands are founded on transactions other than those named in the act, which they appear to be from the allegations of the complaint, they are unaffected by the provisions of the act, *supra*, and appellants may again make application to the Claims Commission, and, if the claim be denied, they may appeal to the General Assembly, which will doubtless be as anxious to preserve the

full faith and credit of the state and do justice to its citizens as it was in 1931.

The judgment of the trial court denying the prayer of appellants' complaint is correct and is affirmed.

GRIFFIN SMITH, C. J., disqualified and not participating.